Steven J. Alizio, Esq.
Justin B. Shane, Esq.
The Law Office of Steven Alizio, PLLC
11 Broadway, Suite 568
New York, New York 10004
Telephone: (347) 395-4656
Facsimile: (347) 214-2233
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
A.D., individually and on behalf of her child, C.S.,

                                Plaintiff,                           **COMPLAINT**

          v.

NEW YORK CITY DEPARTMENT OF EDUCATION,

                                Defendant.
------------------------------------------------------------------------X

      Plaintiff, A.D., individually and on behalf of her child, C.S., by her attorney, The Law Office of Steven Alizio, PLLC, as and for her Complaint against Defendant, the New York City Department of Education ("Defendant" or "DOE"), allege and state the following.

      1.      C.S. is the child of Plaintiff, A.D.  C.S. is a student with a disability.  C.S. was at all relevant times a student residing within New York City who is entitled to all rights, entitlements, and procedural safeguards mandated by applicable law and statutes including, but not limited to, the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §§ 1400, *et seq.*; the federal regulations governing the IDEA; Article 89 of the New York State Education law; and Part 200 of the New York State Education Commissioner's Regulations.

      2.      At all relevant times, Plaintiff and C.S. resided within the County of Queens.

      3.      Plaintiff and C.S., though known to Defendant, are not expressly named herein by their given names or specific address because of the privacy guarantees provided in the IDEA

1

statute, as well as in the Family Education Rights Privacy Act, 20 U.S.C. § 1232(g) and 34 C.F.R. Part 99. Upon the request of this Court, Plaintiff is prepared to disclose Plaintiff's identity *in camera*.

4.      Defendant, upon information and belief, is a duly constituted school district organized under the laws of the State of New York, and is the "local educational agency" charged with the obligation to provide C.S. with a free and appropriate public education ("FAPE") under the IDEA.

## NATURE OF THE ACTION

5.      This action is filed pursuant to the IDEA, 20 U.S.C. § 1415 and follows a substantive administrative hearing involving the same parties that ultimately resulted in a decision on the merits in Plaintiff's favor.

6.      This action is filed to secure statutory attorneys' fees and costs that Plaintiff should be awarded in this fee application action, and in the underlying administrative proceedings, as a "prevailing party" pursuant to the express fee-shifting provisions of the IDEA, 20 U.S.C. § 1415(i)(3).

## JURISDICTION AND VENUE

7.      This Court, pursuant to 20 U.S.C. §§ 1415(i)(2) and (3), 34 C.F.R. §§ 300.516 and 300.517, 28 U.S.C. §§ 1331 and 1367, has jurisdiction over this action without regard to the amount in controversy. Venue is proper in that Defendant resides in or is situated within the judicial district.

## FACTUAL BACKGROUND

8.      Pursuant to the IDEA statute, as well as the New York State Education Law, all school agencies within the State are required to offer eligible students with disabilities a special

2

education program and services that are tailored to meet the individual needs of each child with a disability.

9.      On or about April 20, 2023, Plaintiff initiated an administrative due process proceeding, designated case number 247646, against Defendant alleging, *inter alia*, that Defendant denied C.S. a FAPE for the 2020-2021, 2021-2022, and 2022-2023 school years.  As relief, Plaintiff's due process complaint in case number 247646 sought a final order requiring the DOE to fund a program consisting of 30 hours per week of in-school Applied Behavior Analysis ("ABA") therapy be an independent provider at a rate of $250 per hour; 10 hours per week of at-home ABA therapy by an independent provider at a rate of $250 per hour; four hours per week of Board Certified Behavior Analyst ("BCBA") supervision by an independent provider at a rate of $300 per hour; and one hour per week of Parent Counseling and Training ("PCAT") by an independent provider at a rate of $300 per hour.  Plaintiff's due process complaint also sought funding for a comprehensive neuropsychological evaluation and compensatory services in an amount and type according to proof.

10.     A hearing on the merits was held concerning the claims in Plaintiff's due process complaint for case number 247646.

11.     On or about July 26, 2023, IHO Michele Host issued an FOFD that fully resolved the claims in Plaintiff's due process complaint in case number 247646.  IHO Host found that the DOE denied C.S. a FAPE for the 2020-2021, 2021-2022, and 2022-2023 school years.  As relief, IHO Host's July 26, 2023 FOFD ordered the DOE to fund 30 hours per week of in-school ABA therapy at a rate not to exceed $250 per hour; 10 hours per week of at-home ABA therapy at a rate not to exceed $250 per hour; four hours per week of supervision by a BCBA at a rate not to exceed $300 per hour; and one hour per week of PCAT at a rate not to exceed $300 per hour.

IHO Host's FOFD also ordered the DOE to fund 1,400 hours of compensatory ABA therapy at a rate not to exceed $250 per hour and 140 hours of BCBA supervision at a rate not to exceed $300 per hour as well as a private neuropsychological evaluation at a rate not to exceed $7,500.

12.     Neither party appealed IHO Host's July 26, 2023 FOFD.

13.     As a consequence of the favorable, unappealed, July 26, 2023 administrative decision of IHO Host in case number 247646, Plaintiff qualifies as a "prevailing party" within the meaning of the IDEA, 20 U.S.C. § 1415(i)(3).

14.     Under the IDEA fee-shifting provisions, Plaintiff should be awarded reasonable attorneys' fees and other recoverable costs for legal services rendered in connection with case number 247646 and in connection with this fee application.

### FIRST CAUSE OF ACTION

15.     Plaintiff repeats and realleges paragraphs 1 through 14 as if more fully set forth herein.

16.     Plaintiff initiated an impartial hearing on behalf of C.S. in case number 247646.

17.     Plaintiff prevailed at the impartial hearing in case number 247646 by obtaining a decision and order from the impartial hearing officer ordering the full relief demanded by Plaintiff.

18.     Plaintiff, having prevailed in case number 247646, hereby demands reasonable fees and costs pursuant to 20 U.S.C. § 1415(i)(3).

19.     Plaintiff has exhausted her administrative remedies, as attorneys' fees and related costs may not be recovered at the administrative level, and must be adjudicated and determined by the federal court, absent an agreement by the parties.

**WHEREFORE,** by reason of the foregoing, Plaintiff respectfully requests that this Court:

(1)    Declare Plaintiff the prevailing party in case number 247646;

(2)    Award to Plaintiff costs, expenses and attorneys' fees for the administrative proceeding designated case number 247646 pursuant to 20 U.S.C. § 1415;

(3)    Award Plaintiff the costs, expenses and attorneys' fees of this action pursuant to 20 U.S.C. § 1415;

(4)    Order Defendant to satisfy any judgment in this matter within thirty (30) days of the issuance of the final order; and

(5)    Grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
      October 31, 2024

                    Steven J. Alizio, Esq.
                    Justin B. Shane, Esq.
                    The Law Office of Steven Alizio, PLLC
                    11 Broadway, Suite 568
                    New York, New York 10004
                    Telephone: (347) 395-4656
                    Facsimile: (347) 214-2233
                    Attorneys for Plaintiff